IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STACIE WIGGANS,  )
                              )
             Plaintiff, )
                              )
v. )
                              )     Case No: 19-cv-2256-CM-TJJ
                              )
MCANANY, VAN CLEAVE & PHILLIPS, )
P.A., et al., )
                              )
             Defendants. )

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff commenced this action *pro se* on May 23, 2019 by filing a Complaint (ECF No. 1) alleging employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; age discrimination under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*; and employment discrimination under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* Plaintiff names the law firm of McAnany, Van Cleave & Phillips, P.A., its chief operating officer Phillip M. Sanders, and partner James P. Wolf as Defendants. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[1] For parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

1

counsel." The provision, however, does not provide a statutory right to counsel.[2] In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[3] The burden is on Plaintiff to convince the Court that her claim has sufficient merit to warrant the appointment of counsel.[4] In this instance, the Court examines Plaintiff's complaint to determine whether she satisfies her burden. Plaintiff's complaint does not provide a sufficient basis for the Court to find that this action warrants appointment of counsel.

Based on the Court's review of the documents Plaintiff has filed to date, the Court finds that Plaintiff appears able to adequately communicate to the court the pertinent facts giving rise to her claims. Plaintiff appears to have used the employment discrimination forms provided by this court to assist her in preparing her Complaint, and she has supplemented those with additional writings. Plaintiff also filed a charge of discrimination with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission in which she articulated her claims. Although this case asserts claims against three Defendants, the same substantive factual allegations apply to all three. Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting her case, she can do so adequately without the

---

[2] *See, e.g., Leon v. Garmin Int'l.,* No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010).

[3] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[4] *Hill,* 393 F.3d at 1115.

assistance of counsel.  The Court finds that Plaintiff has not met her burden for appointment of counsel under 28 U.S.C. § 1915(e)(1).

The district court also has discretion to appoint counsel for a plaintiff who asserts claims under Title VII "in such circumstances as the court may deem just."[5]  The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[6]  Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7]  In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[8]  The discretion granted to the court in appointing counsel is extremely broad.[9]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[10]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards.  Based on the Court's review of the motion, along with the Complaint, the Court finds that Plaintiff has shown financial inability to pay for counsel and diligence in attempting to

---

[5] 42 U.S.C. § 2000e-5(f)(1).

[6] *Castner*, 979 F.2d at 1420-21.

[7] *Id.*

[8] *Id.* at 1421.

[9] *Id.* at 1420.

[10] *Id.*

secure counsel. However, as Plaintiff acknowledges in her motion, the court rarely grants motions for appointment of counsel.

Where the complaint and attachments thereto provide the only basis upon which the court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time. Finally, the Court already has considered the fourth *Castner* factor, i.e., Plaintiff's capacity to present the case without counsel. The Court therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is DENIED.

Dated this 5th day of June, 2019 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge